McEarland, J.,
delivered the opinion of the court.
The complainant filed this bill to set aside certain conveyances of land made by Charles TI. Edmundson to his ■children, and to subject the same to the satisfaction of a judgment he obtained against McKinney, as administrator •of Edmundson’s estate.
The bill was so amended as to pray for relief in behalf •of all creditors who might come in and be made parties, the insolvency of the estate having been suggested.
The first defense relied upon is that the note upon which the complainant’s judgment was obtained was paid by a sale of cotton made by the daughter of Edmundson to the -complainant, in the year 1863.
The proof, or part of it at least, seems to> have been taken in the circuit court, and we suppose was not then thought to be sufficient. The proof before us is not sufficient to show that 'the sale of the cotton was complete. Before it was set apart from the other cotton it was destroyed, and tbe loss, in law, would fall upon Edmundson. This is conclusive, if it were conceded that the defendant on this ■question could go behind the judgment of the circuit court.
The conveyances sought to. be set aside were made in January, 1867, some months before the death of Charles H. Edmundson. These deeds, in substance, recite that said Edmundson had received from his father-in-law, Henry Eancy, and from his estate large amounts in money and other property, which was given and bequeathed to said Edmundson’s wife during her life, and then to her children; 'that- his wife was dead; that he, Edmundson, had used the money and property in the purchase of slaves and real estate; the slaves were emancipated and he had no money to pay his children; that he desired to pay each child *586 the amount justly clue, which is three, thousand, dollars in land. The several deeds, upon -the same- recited consideration, convey to each of the six children several tracts of land, which, in the aggregate, constitute a large amount; as we understand all the land owned by the said Edmund-son, leaving'very little for the payment of his debts. The will of Henry Eancy is relied upon to sustain the validity of the alleged consideration of the deeds, but the will shows that the testator gave Mrs. Edmundson a number of slaves during her life, with remainder to her children, but the other bequests in favor of Mrs. Edmundson were in general terms, under which any money or other personal property that may have come into the hands of Charles H. Edmund-son became in law his property absolutely.
He evidently received of Henry Eancy considerable-sums of money in his life time, but there is nothing to fix any trust upon this money in favor of the defendant. The record does not show a sufficient consideration for these deeds according to their recitals, and we must hold with the chancellor that they are voluntary and void as to the complainant.
We do- not see that the statute of two years has any application to the case, as the complainants obtained judgment against the administrator, and there- is nothing to’ show that the defense would have been available in that, suit.
There can be no- question that -the relief prayed for, may,, in a proper case, be granted -at the instance of a creditor.
Decree affirmed with costs, and remanded to be proceeded with.